Charles H. Chevalier
Magnolia S. Joodi
Christian Villatoro
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@fbtgibbons.com
mjoodi@fbtgibbons.com
cvillatoro@fbtgibbons.com

*Of Counsel:*
Arlene Chow
Ernest Yakob
Takashi Okuda
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Arlene.Chow@lw.com
Ernest.Yakob@lw.com
Takashi.Okuda@lw.com

*Counsel for Plaintiffs Merck Sharp & Dohme LLC, MSD International GmbH, MSD International Business GmbH, and AIC246 AG & Co. KG*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCK SHARP & DOHME LLC, MSD INTERNATIONAL GMBH, MSD INTERNATIONAL BUSINESS GMBH, and AIC246 AG & CO. KG, <br><br> Plaintiffs, <br><br> v. <br><br> ALEMBIC PHARMACEUTICALS LIMITED and ALEMBIC PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. ___26-8057___ |

## COMPLAINT

Plaintiffs Merck Sharp & Dohme LLC ("Merck LLC"), MSD International GmbH ("MSDIG"), MSD International Business GmbH ("MSDIB") (together, "Merck"), and AIC246 AG & Co. KG ("AiCuris") (collectively, "Plaintiffs"), by their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by defendants Alembic Pharmaceuticals Limited ("Alembic Ltd.") and Alembic Pharmaceuticals, Inc. ("Alembic Inc.") (collectively, "Alembic") of Abbreviated New Drug Application ("ANDA") No. 221473 ("Alembic's ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of PREVYMIS® (letermovir) injection, 240 mg/12 mL and 480 mg/24 mL single-dose vials ("Alembic's ANDA Product"), prior to the expiration of U.S. Reissued Patent No. RE 46,791 ("the RE '791 patent") (Exhibit A) and U.S. Patent No. 10,603,384 ("the '384 patent") (Exhibit B) (together, "the Asserted Patents"), that are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for PREVYMIS®.  Alembic notified Plaintiffs that it had submitted Alembic's ANDA by a letter dated May 19, 2026 ("Notice Letter"). Upon information and belief, if Alembic's ANDA is approved by FDA, Alembic's ANDA Product will be marketed as a competing product to PREVYMIS®, a product developed by Plaintiffs for the prophylaxis of cytomegalovirus (CMV) infection and disease.

## PARTIES

1.      Merck LLC is a corporation organized and existing under the laws of New Jersey, having a place of business at 126 Lincoln Avenue, Rahway, New Jersey 07065.

2.      MSDIG is a company organized and existing under the laws of Switzerland, having a place of business at Bürgenstrasse 8, 6005 Lucerne, Switzerland.

3.      MSDIB is a company organized and existing under the laws of Switzerland, having a place of business at Bürgenstrasse 8, 6005 Lucerne, Switzerland.

2

4. AiCuris is a company organized and existing under the laws of Germany, having a place of business at Friedrich-Ebert-Str. 475/ Building 302 42117 Wuppertal Germany.

5. Upon information and belief, Defendant Alembic Ltd. is an entity organized and existing under the laws of India, having its principal place of business at Alembic Road, Vadodara, Gujarat, India 390003.

6. Upon information and belief, Defendant Alembic Inc. is an entity organized and existing under the laws of the State of Delaware, having a principal place of business at 550 Hills Drive, Suite 104B, Bedminster, New Jersey 07921.

7. Upon information and belief, following any approval of Alembic's ANDA, Alembic Ltd. and Alembic Inc. will act in concert to distribute and sell Alembic's ANDA Product throughout the United States, including within New Jersey.

8. Upon information and belief, following any approval of Alembic's ANDA, Alembic Ltd. and Alembic Inc. intend to benefit directly if Alembic's ANDA is approved by participating in the development, regulatory approval, marketing, manufacture, importation, distribution, and/or sale of Alembic's ANDA Product.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10. Alembic Inc. is subject to personal jurisdiction in New Jersey because, among other things, it has purposefully availed itself of the benefits and protections of New Jersey laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Alembic Inc. has its principal place of business in Bedminster, New Jersey. Also, upon information and belief, Alembic Inc. is involved in developing, manufacturing, marketing, selling, and/or

distributing a broad range of generic pharmaceutical products in the United States, including in New Jersey, and therefore transacts business within New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within New Jersey.

11.     Alembic Ltd. is subject to personal jurisdiction in New Jersey because, among other things, Alembic Ltd., itself and through its wholly owned indirect subsidiary Alembic Inc., has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Alembic Ltd., itself and through its wholly owned subsidiary Alembic Inc., is involved in developing, manufacturing, marketing, selling, and/or distributing a broad range of generic pharmaceutical products in the United States, including in New Jersey, and therefore transacts business within New Jersey, and/or has engaged in systematic and continuous business contacts within New Jersey. In addition, Alembic Ltd. is subject to personal jurisdiction in New Jersey because, upon information and belief, it controls Alembic Inc., and therefore the activities of Alembic Inc. in this jurisdiction are attributed to Alembic Ltd.

12.     Upon information and belief, Alembic has sought approval in Alembic's ANDA to distribute Alembic's ANDA Product in the United States, including in New Jersey, and will do so upon approval of Alembic's ANDA.  The filing of Alembic's ANDA is therefore tied, in purpose and planned effect, to the deliberate making of sales in New Jersey, and indicates that Alembic plans to engage in the marketing of Alembic's ANDA Product in New Jersey.

13.     Upon information and belief, if Alembic's ANDA is approved, Alembic will directly or indirectly import, market and/or sell Alembic's ANDA Product within the United States, including in New Jersey, consistent with Alembic's practices for the marketing and distribution of other pharmaceutical products on its own and/or through its affiliates.

4

14.     Upon information and belief, if Alembic's ANDA is approved, Alembic's ANDA Product, under the direction and control of physicians practicing in New Jersey, will be administered to patients in New Jersey.  These activities, as well as Alembic's marketing, selling, and/or distributing of Alembic's ANDA Product, would have a substantial effect within New Jersey and would constitute infringement of the Asserted Patents in the event that Alembic's ANDA Product is approved before the Asserted Patents expire.

15.     For the reasons described above, among others, the filing of Alembic's ANDA was suit-related conduct with a substantial connection to New Jersey and this District, the exercise of personal jurisdiction over Alembic does not offend traditional notions of fair play and substantial justice, and this Court may properly exercise personal jurisdiction over Alembic.

16.     Venue is proper in this judicial district as to Alembic Ltd. under 28 U.S.C. §§ 1391 and 1400(b) because Alembic Ltd. is incorporated in the Republic of India and may be sued in any judicial district in the United States.  Venue is also proper in this judicial district as to Alembic Ltd. because, *inter alia*, Alembic Ltd. is subject to personal jurisdiction in this judicial district, has previously consented to venue in this judicial district in, *e.g.*, *Adverio Pharma GmbH et al. v. Alembic Pharmaceuticals Limited et al.*, C.A. No. 2:23-cv-01285-ES-LDW (D.N.J.); *Adverio Pharma GmbH et al. v. Alembic Pharmaceuticals Limited et al.*, C.A. No. 2:22-cv-06104-ES-JBC (D.N.J.); *Actelion Pharmaceuticals US, Inc. et al. v. Alembic Pharmaceuticals Limited et al.,* C.A. No. 2:23-cv-01902-SRC-ESK (D.N.J.), and on information and belief is subject to venue in this judicial district for the purpose of this case.

17.     Venue is proper in this judicial district as to Alembic Inc. under 28 U.S.C. §§ 1391 and 1400(b) at least because Alembic Inc. has committed, or will commit, an act of infringement in this District and has its principal place of business in New Jersey and therefore resides in New

Jersey for purposes of venue.

## BACKGROUND

18.     PREVYMIS® is indicated for prophylaxis of cytomegalovirus (CMV) infection and disease in adult and pediatric CMV-seropositive recipients [R+] of an allogeneic hematopoietic stem cell transplant (HSCT) and prophylaxis of CMV disease in adult and pediatric patients who are kidney transplant recipients at high risk (Donor CMV seropositive/Recipient seronegative [D+/R-]).

19.     The active pharmaceutical ingredient in PREVYMIS® is letermovir.  Letermovir is an antiviral with the chemical name (S)-{8-fluoro-2-[4-(3-methoxyphenyl)-1-piperazinyl]-3-[2-methoxy-5-(trifluoromethyl)-phenyl]-3,4-dihydro-4-quinazolinyl}acetic acid.   PREVYMIS® is approved as an injection for intravenous use, 240 mg/12 mL and 480 mg/24 mL in single-dose vials (and other dosage forms not implicated by Alembic's ANDA).

20.     Merck sells PREVYMIS® injection in the United States pursuant to New Drug Application ("NDA") No. 209940, which has been approved by FDA.

21.     Merck LLC is the holder of the approved NDA for PREVYMIS® injection.

22.     The RE '791 patent, titled "Substituted Dihydroquinazolines," was duly and legally issued on April 17, 2018.  A copy of the RE '791 patent is attached as Exhibit A.

23.     The RE '791 patent covers, *inter alia*, letermovir and pharmaceutical compositions containing letermovir.

24.     AiCuris is the assignee of the RE '791 patent.

25.     MSDIG and MSDIB are licensees and hold exclusive rights under the RE '791 patent.

26.     There is an actual case or controversy between the parties regarding Alembic's

liability for its infringement of the RE '791 patent.

27.    The '384 patent, titled "Pharmaceutical Composition Containing an Antivirally Active Dihydroquinazoline Derivative," was duly and legally issued on March 31, 2020.  A copy of the '384 patent is attached as Exhibit B.

28.    The '384 patent covers, *inter alia*, pharmaceutical compositions containing letermovir.

29.    AiCuris is the assignee of the '384 patent.

30.    MSDIG and MSDIB are licensees and hold exclusive rights under the '384 patent.

31.    There is an actual case or controversy between the parties regarding Alembic's liability for its infringement of the '384 patent.

32.    This action is being filed within 45 days of Plaintiffs' receipt of Alembic's Notice Letter.

## COUNT I
### (Infringement of the RE '791 Patent)

33.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

34.    The claims of the RE '791 patent cover letermovir, for example, at least in claims 23 and 24.

35.    Claim 23 of the RE '791 patent recites "[t]he compound of claim 1, wherein said compound is:

or a physiologically acceptable salt thereof."

36.    Claim 24 of the RE '791 patent recites

The compound of claim 1, wherein said compound is:

37.    Upon information and belief, Alembic's ANDA Product is covered by one or more claims of the RE '791 patent, including at least claims 23 and 24.

38.    Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Alembic's ANDA Product will infringe one or more claims of the RE '791 patent, including at least claims 23 and 24, either literally or under the doctrine of equivalents.

39.    According to Alembic's Notice Letter, Alembic filed as part of Alembic's ANDA a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV), asserting that the claims of the RE '791 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, sale, or importation of Alembic's ANDA Product.

40.    Alembic did not assert in its Notice Letter a basis for any assertion that Alembic's ANDA Product would not infringe at least claims 23 and 24 of the RE '791 patent.

41.     The purpose of filing Alembic's ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alembic's ANDA Product prior to the expiration of the RE '791 patent.

42.     On information and belief, letermovir is the active ingredient in Alembic's ANDA Product.  On information and belief, Alembic's ANDA Product is a pharmaceutical formulation comprising letermovir injection in 240 mg/12 mL and 480 mg/24 mL single-dose vials.

43.     On information and belief, Alembic's ANDA contains data that, according to Alembic, demonstrates bioequivalence of Alembic's ANDA Product and PREVYMIS®, *see* 21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(7).

44.     Alembic's submission of Alembic's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alembic's ANDA Product in the United States prior to the expiration of the RE '791 patent is an act of infringement of the RE '791 patent under 35 U.S.C. § 271(e)(2)(A).

45.     Upon information and belief, Alembic intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alembic's ANDA Product immediately and imminently upon the approval of Alembic's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the RE '791 patent.

46.     Upon information and belief, Alembic has knowledge of the RE '791 patent at least because the RE '791 patent is listed in the FDA's Orange Book for Merck's PREVYMIS® drug product.  Notwithstanding this knowledge, Alembic continues to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alembic's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Alembic's ANDA and any amendments thereto.

47.    Upon information and belief, Alembic intends to sell Alembic's ANDA Product with a label that, *inter alia*, instructs and encourages the administration of letermovir injection at 240 mg/12 mL and 480 mg/24 mL for the prophylaxis of CMV infection and/or disease.

48.    Upon information and belief, Alembic plans and intends to, and will, actively induce infringement of the RE '791 patent when Alembic's ANDA and any amendments thereto are approved, and will do so with specific intent to induce infringement of the RE '791 patent. Further upon information and belief, Alembic plans and intends to, and will, do so immediately and imminently upon approval of Alembic's ANDA.

49.    Upon information and belief, Alembic knows that Alembic's ANDA Product is especially made or adapted for use in infringing the RE '791 patent, and that Alembic's ANDA Product is not suitable for substantial noninfringing use.  Upon information and belief, Alembic plans and intends to, and will, contribute to infringement of the RE '791 patent immediately and imminently upon approval of Alembic's ANDA and any amendments thereto.

50.    The foregoing actions by Alembic constitute and/or will constitute direct infringement of the RE '791 patent, active inducement of infringement by others of the RE '791 patent, and contribution to the infringement by others of the RE '791 patent, either literally or under the doctrine of equivalents.

51.    Unless Alembic is enjoined from directly infringing the RE '791 patent, actively inducing infringement by others of the RE '791 patent, and contributing to the infringement by others of the RE '791 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II
**(Infringement of the '384 Patent)**

52.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

53.     The claims of the '384 patent cover a pharmaceutical composition containing letermovir, for example, at least in claim 1.

54.     Claim 1 of the '384 patent recites "[a] pharmaceutical composition comprising: a) a compound which is {8-fluoro-2-[4-(3-methoxyphenyl)piperazine-1-yl]-3-[2-methoxy-5-(trifluoromethyl)phenyl]-3,4-dihydroquinazoline-4-yl}acetic acid, wherein the carbon in position 4 of the dihydroquinazoline has a ring (S)-configuration, a salt thereof, a solvate thereof, or a solvate of a salt thereof, b) at least one excipient wherein said excipient is a hydroxypropyl-β-cyclodextrin, and c) water, wherein 100 ml of said composition contains: i) 0.5 —2.5 g {8 fluoro-2-[4-(3-methoxyphenyl)piperazine-1-yl]-3-[2-methoxy-5-(trifluoromethyl)phenyl]-3,4 dihydroquinazoline-4-yl}acetic acid, wherein the carbon in position 4 of the dihydroquinazoline ring has (S)-configuration, or a salt, a solvate or a solvate of a salt thereof, and ii) 10.0 —30.0 g of hydroxypropyl-β cyclodextrin, wherein said composition further comprises NaOH and NaCl, wherein said composition is in a form suitable for intravenous administration, and wherein said composition has a pH in the range from 7.0 to 8.5."

55.     Upon information and belief, Alembic's ANDA Product is covered by one or more claims of the '384 patent, including at least claim 1.

56.     Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Alembic's ANDA Product will infringe one or more claims of the '384 patent, literally and/or under the doctrine of equivalents.

57.     According to Alembic's Notice Letter, Alembic filed as part of Alembic's ANDA a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), asserting that the claims of the '384 patent are invalid, unenforceable, and/or

not infringed by the manufacture, use, offer for sale, sale, or importation of Alembic's ANDA Product.

58. The purpose of filing Alembic's ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alembic's ANDA Product prior to the expiration of the '384 patent.

59. On information and belief, letermovir is the active ingredient in Alembic's ANDA Product. On information and belief, Alembic's ANDA Product is a pharmaceutical formulation comprising letermovir injection in 240 mg/12 mL and 480 mg/24 mL single-dose vials.

60. On information and belief, Alembic's ANDA contains data that, according to Alembic, demonstrates bioequivalence of Alembic's ANDA Product and PREVYMIS®, *see* 21 U.S.C. § 355(j)(2); 21 C.F.R. § 314.94(a)(7).

61. Alembic's submission of Alembic's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alembic's ANDA Product in the United States prior to the expiration of the '384 patent is an act of infringement of the '384 patent under 35 U.S.C. § 271(e)(2)(A).

62. Upon information and belief, Alembic intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alembic's ANDA Product immediately and imminently upon the approval of Alembic's ANDA and any amendments thereto, *i.e.*, prior to the expiration of the '384 patent.

63. Upon information and belief, Alembic has knowledge of the '384 patent at least because the '384 patent is listed in the FDA's Orange Book for Merck's PREVYMIS® drug product. Notwithstanding this knowledge, Alembic continues to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alembic's

ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of Alembic's ANDA and any amendments thereto.

64.    Upon information and belief, Alembic intends to sell Alembic's ANDA Product with a label that, *inter alia*, instructs and encourages the administration of letermovir injection at 240 mg/12 mL and 480 mg/24 mL for the prophylaxis of CMV infection and/or disease.

65.    Upon information and belief, Alembic intends to manufacture and/or have manufactured Alembic's ANDA Product by methods of producing a pharmaceutical composition covered by one or more claims of the '384 patent.

66.    Upon information and belief, Alembic plans and intends to, and will, actively induce infringement of the '384 patent when Alembic's ANDA and any amendments thereto are approved, and will do so with specific intent to induce infringement of the '384 patent.  Further upon information and belief, Alembic plans and intends to, and will, do so immediately and imminently upon approval of Alembic's ANDA.

67.    Upon information and belief, Alembic knows that Alembic's ANDA Product is especially made or adapted for use in infringing the '384 patent, and that Alembic's ANDA Product is not suitable for substantial noninfringing use.  Upon information and belief, Alembic plans and intends to, and will, contribute to infringement of the '384 patent immediately and imminently upon approval of Alembic's ANDA and any amendments thereto.

68.    The foregoing actions by Alembic constitute and/or will constitute direct infringement of the '384 patent, active inducement of infringement by others of the '384 patent, and contribution to the infringement by others of the '384 patent, literally and/or under the doctrine of equivalents.

69.    Unless Alembic is enjoined from directly infringing the '384 patent, actively

13

inducing infringement by others of the '384 patent, and contributing to the infringement by others of the '384 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a)    A judgment that Alembic has infringed one or more claims of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A) by submitting Alembic's ANDA to the FDA;

(b)    A judgment that Alembic's making, using, offering to sell, selling, marketing, distributing, and/or importing into the United States of Alembic's ANDA Product prior to the expiration date of the latest-expiring of the Asserted Patents will infringe, actively induce infringement of, and/or contribute to infringement by others of one or more claims of the Asserted Patents under 35 U.S.C. §§ 271(a), (b), and/or (c);

(c)    A judgment pursuant to 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval of Alembic's ANDA for Alembic to make, use, offer for sale, sell, market, distribute, or import Alembic's ANDA Product, or any product the use of which infringes the Asserted Patents, be not earlier than the latest expiration date among the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) enjoining Alembic, and all persons acting in concert with Alembic, from making, using, selling, offering for sale, marketing, distributing, or importing Alembic's ANDA Product, or any product the use of which infringes the Asserted Patents, or the inducement of or contribution to any of the foregoing, prior to the expiration date of the latest-expiring of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

14

(e)    A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f)    An award of Plaintiffs' costs and expenses in this action; and

(g)    Such further and other relief as this Court may deem just and proper.

Dated: July 1, 2026

Respectfully submitted,

*s/ Charles H. Chevalier*

Charles H. Chevalier
Magnolia S. Joodi
Christian Villatoro
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevalier@fbtgibbons.com
mjoodi@fbtgibbons.com
cvillatoro@fbtgibbons.com

*Of Counsel:*
Arlene Chow
Ernest Yakob
Takashi Okuda
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Arlene.Chow@lw.com
Ernest.Yakob@lw.com
Takashi.Okuda@lw.com

*Counsel for Plaintiffs Merck Sharp & Dohme LLC, MSD International GmbH, MSD International Business GmbH, and AIC246 AG & Co. KG*

15